IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JEROME CLARKE,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| VS. | : | CIVIL No: 5:24-CV-176-MTT-CHW |
| | : | |
| **TYRONE OLIVER,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

# ORDER

Presently pending before the Court is a complaint filed by *pro se* Plaintiff Jerome Clarke, a prisoner in Central State Prison in Macon, Georgia, seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff's complaint raises claims concerning the conditions of his confinement at Central State Prison. *See id*. A review of Court records reveals that Plaintiff has already filed a case raising these same claims that is pending before the Court, *Clarke v. Oliver*, 5:24-cv-00099-MTT-CHW (M.D. Ga. Mar. 25, 2024) ("*Clarke I*").

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative" of one already pending in federal court. *Curtis v. Citibank*, 226 F.3d 133, 138 (2d Cir. 2000). "[A] suit is duplicative of another suit if the parties, issues, and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986). "Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." *Id*. at 1551-

52.

Each of the parties named as a defendant in the above-captioned action has also been named as a defendant in *Clarke I*, and the claims raised in this case appear nearly identical to those set forth in the complaint in *Clarke I*.[1]  Because the present action is duplicative of one already pending in this Court, it shall be **DISMISSED without prejudice.**

**SO ORDERED**, this 14th day of June, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
U.S. DISTRICT COURT COURT

---

[1] The Court notes that although Plaintiff has been ordered to recast his complaint in *Clarke I*, the complaint in this case could not have been responsive to that order because it was initially postmarked on March 11, 2024, two months before the order to recast was filed.